UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRENESHA BIGGERS,

           Plaintiff,

-against-

THE STATE OF TEXAS, et al.,

           Defendants.

22-CV-8648 (LTS)

ORDER OR DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Trenesha Biggers ("Biggers"), who is appearing *pro se*, brings this federal action against approximately 1,000 individuals and entities from various states. Regarding her claims that arose in New York State, she alleges that, in 2019, individuals removed her children when she was arrested.

    By order dated February 27, 2023, the Court granted Biggers' request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, with 30 days' leave to plead claims that arose in a county within the Southern District of New York. The Court also dismisses claims that arose outside of this District for improper venue, *see* 28 U.S.C. § 1406(a), without prejudice to Biggers' filing civil actions in the proper venues.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action arises from proceedings that primarily occurred, or are ongoing, in Suffolk and New York Counties, New York, as well as in El Paso County, Texas. The following facts drawn from the complaint are specific to the allegations that arose in the State of New York.

In 2019, Biggers lived in New York with her two minor children.[1] She

> had full custody of Z.S. and an order of protection against Sims was presented to Esparza and Detective Vera by the Suffolk County Fugitive Squad. The protective order was provided to the El Paso authorities before Biggers was extradited from New York to El Paso. While Biggers was in custody, New York ACS failed to bring Biggers and the children before a Judge. The children were then kidnapped from Biggers, separated from one another, and taken to two different states. Biggers was not able to regain contact with her children.
>
> . . .
>
> On October 8th, 2019, the Shirley New York Precinct 7 Police [located in New York County][2] entered into Brighter Tomorrow's domestic violence shelter and arrested Biggers. They sta[]ted they had a warrant for 'interference with child custody' and 'aggravated kidnapping' of Z.S. issued by El Paso, Texas. . . . Upon arriving to the station, the Suffolk County Fugitive Squad reviewed Biggers custody order and protective order. They contacted the El Paso County District Attorneys office to inform them of the order. According to the Suffolk County Fugitive Squad, El Paso instructed them to send Biggers to be extradited back to El Paso anyway.

---

[1] Plaintiff does not state where in New York she resided, but she provides in her complaint a New York County address.

[2] *See* NYPD, 7th Precinct, https://www.nyc.gov/site/nypd/bureaus/patrol/precincts/7th-precinct.page.

2

> . . .
>
> Once it was confirmed that Biggers was going to prison to await extradition to El Paso ACS Worker A met Biggers at the station. Biggers presented ACS worker A with the Protective Order and provided names and contact information on who he was to contact to pick up the Biggers' daughters from the 7th Precinct.
>
> . . .
>
> After being booked into Riverhead Correctional Facility [located in Suffolk County],[3] Biggers called ACS Worker A to ensure that her daughter had been given to the individual which she designated and that the protective order was honored. Upon making contact with the ACS Worker A informed Biggers that he contact Texas Child Protective Services and they instruction him to give Z.S. to Sims [in] spite of the protective orders, and give M.R. away to Xavier Fulton . . . [who] had no parental rights[.]

(ECF 1, at 35, 40-41.)[4]

Biggers also alleges that events giving rise to her claims arose in Las Cruces, Dona Ana County, New Mexico, and Pueblo County, Colorado (*id.* at 40), as well as in Chicago, Cook County, Illinois (*id.* at 42-42).

As noted above, Biggers names nearly 1,000 Defendants, including the Federal Bureau of Investigations, the National Center for Missing and Exploited Children, Dona Ana County New Mexico Sheriff, Sigma Phi Epsilon, Eminem, Stockbridge Holdings, "The Bella Twins," Florida Championship Wrestling Talent DOE 1-1000, the Reality of Wrestling, Walgreens, DHL, Ron Simmons, Chevy Dodge Chrysler, Victoria's Secret, TJ Maxx, Booker T. Huffman, Jeff Jarrett, Penn State University, NFL, Illinois Central College, Hospital Doe 1-50, JEEP, Eric Adams, and

---

[3] *See* Suffolk County Sheriff's Office, Facilities, Riverhead Correctional Facility, https://www.suffolkcountysheriffsoffice.com/facilities.

[4] The Court quotes verbatim from the complaint. All spelling, grammar, or punctuation are as in the original unless noted otherwise. The Court uses standardized capitalization in this order.

Spike Lee. This list is a small sample of the Defendants Plaintiff sues, listed in 23 pages of the complaint.

## DISCUSSION

A.     **Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if it contains sufficient factual allegations to render the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

The allegations suggest that (1) Biggers and her children were brought to the 7th Precinct in New York County, (2) she was arrested at that precinct and transferred to a Suffolk County jail, (3) an order of protection was issued by a Suffolk County court, and (4) employees of the Administration of Children's Services ("ACS") removed her children from her custody and ensured the transport of Z.S. to Z.S.'s father, and M.F to M.F's father, in contradiction of Biggers' requests. It is unclear, however, whether Plaintiff seeks to bring any claims arising from her arrest, or if she seeks only to challenge the decision to send her children to their respective fathers following her detention. It is also unclear whether she challenges any decision regarding her own parental rights, and if so, the status of those rights. Thus, the complaint does not comply

with Rule 8 because Plaintiff does not provide a short and plain statement showing that she is entitled to relief. The Court therefore dismisses the complaint for failure to comply with Rule 8, but grants Plaintiff leave to file an amended complaint stating facts in support of any claim that arose in New York County. To the extent she seeks to bring claims that arose in Suffolk County, as discussed below, this Court is not a proper venue for such claims.

**B.     Venue**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Under Section 1391(b)(1), this District is not a proper venue because Biggers names several defendants who are not residents of New York State. Under Section 1391(b)(2), this District is not a proper venue for the claims that arose in Suffolk County, New York, or the claims that arose in El Paso County, Texas. Ordinarily, if a plaintiff files a case in the wrong venue, the Court "shall dismiss [the action], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court concludes that it would not be in the interests of justice to transfer Biggers' claims to the Eastern District of New York, the proper venue for Biggers' claims that arose in Suffolk County, *see* 28 U.S.C. § 112(c), or to the Western District of Texas, the proper venue for Biggers's claims that

arose in El Paso, Texas, *see* 28 U.S.C. 124(d), or, for that matter, to the proper districts for the events that occurred in Dona Ana County, New Mexico, Pueblo County, Colorado, and Cook County, Illinois.[5] Biggers sues hundreds of defendants, nearly all of whom she does not state claims against. As noted above, the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure because Biggers does not provide a short and plain statement showing that she is entitled to relief from the named defendants. Accordingly, the Court dismisses the claims that arose in (1) Suffolk County, New York, (2) El Paso, Texas, (3) Dona Ana County, New Mexico, (4) Pueblo County, Colorado, and (5) Cook County, Illinois for improper venue, without prejudice to Biggers' filing new civil actions in the proper venues. *See* 28 U.S.C. § 1406(a).

C. **Leave to Amend Any Claim That Arose in the Southern District of New York**

Biggers proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Biggers may be able to allege facts to state a valid claim regarding the events that arose in New York County, or any other county within the Southern District of New York,[6] the Court grants Biggers 30 days' leave to

---

[5] Dona Ana County is located in the District of New Mexico, *see* 28 U.S.C. § 111; Pueblo County is located in the District of Colorado, *see* 28 U.S.C. § 85; and Cook County is located in the Northern District of Illinois, *see* 28 U.S.C. § 93.

[6] Those counties include Bronx, Dutchess, Orange, Putnam, Rockland, Sullivan, and Westchester. *See* 28 U.S.C. § 112(b).

amend her complaint to detail her claims. Should Biggers file an amended complaint, she must name only those defendants who she asserts violated her rights in a county within the Southern District of New York.

## CONCLUSION

The Court dismisses the claims that arose in Suffolk, El Paso, Dona Ana, Pueblo, and Cook Counties for improper venue, without prejudice to Biggers filing new civil actions in the proper venues. *See* 28 U.S.C. § 1406(a).

The Court grants Biggers 30 days' leave to file an amended complaint asserting any claim that arose in New York County, or in any other county within the Southern District of New York.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 12, 2023
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge