UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------X

TRENESHA BIGGERS, M.F. a child,  and Z.S., a child

Plaintiffs,

                                            **22-CV-8648**

                            **MOTION TO FILE UNDER SEAL**

-against-

THE NEW YORK DEPARTMENT OF CHILDREN AND
FAMILY SERVICES et. al.


## MOTION TO FILE UNDER SEAL

Plaintiffs TRENESHA BIGGERS , M.F., and Z.S. hereby move that this Court allow all actions in this case to be filed under seal and also retroactively sealed for the following reasons:

1. Plaintiffs M.F. and Z.S. are minor children. Filing under seal will protect their safety.
2. On 06/13/2023 the Plaintiffs home address and apartment number were published on the public docket severely compromising their well being. Plaintiffs are requesting that this information be removed from the public docket and sealed.
3. The Plaintiffs are protected currently by the Manhattan Family Court from family violence. The Manhattan Family Court Orders of Protection are in place currently to secure the safety of the Plaintiffs from Defendants named in this case.
4. Sealing the Plaintiffs previous filings, future filings, and specifically the Plaintiffs home address from the record will serve in the interest of protecting their safety.
5. The Manhattan Family Court has issued orders to keep the Plaintiffs address and contact information confidential which are in full force and effect.
6. It is necessary that the Plaintiffs be allowed to file under seal and that the previous filings are retroactively sealed to protect their safety from each Defendant named in the entirety of this action.
7. My name is Trenesha Biggers. I am of sound mind. I attest under the penalty of perjury that the above is true and correct.

                                                                 Respectfully Submitted,
                                                                 /s/ Trenesha Biggers , Pro Se
                                                                 Trenesha Biggers, Pro Se

F.C.A §§ 430, 550, 655, 828, 1029                                                                                          GF5 12/2020

**ORI No:**   NY030023J
**Order No:**   2023-004390
**NYSID No:**   _____

At a term of the Family Court of the State of New York, held in and for the County of New York, at 60 Lafayette Street, New York, NY 10013, on May 11, 2023

**PRESENT:** Honorable Jonathan H. Shim

**In the Matter of a FAMILY OFFENSE Proceeding**

**Trenesha Biggers (DOB: 12/26/1981),**
        Petitioner

   - against -

**Ephram Sims (DOB: 05/18/1985),**
        Respondent

**File #**   315573
**Docket #**   O-02557-22
**Temporary Order of Protection**

**Both Parties Present in Court**

**NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CRIMINAL CONTEMPT, AND/OR MAY SUBJECT YOU TO FAMILY COURT PROSECUTION AND INCARCERATION FOR UP TO SIX MONTHS FOR CONTEMPT OF COURT. IF YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

**THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER .**

A petition under Article 8 of the Family Court Act, having been filed on April 07, 2022 in this Court and good cause having been shown, and Ephram Sims having been present in Court and advised of the issuance and contents of this Order.

    **NOW, THEREFORE, IT IS HEREBY ORDERED** that Ephram Sims (DOB:05/18/1985) observe the following conditions of behavior:

[01] Stay away from:

  [A]  Trenesha Biggers (DOB: 12/26/1981);

  [B]  the home of Trenesha Biggers (DOB: 12/26/1981);

  [D]  the business of Trenesha Biggers (DOB: 12/26/1981);

  [E]  the place of employment of Trenesha Biggers (DOB: 12/26/1981);

[14] Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with Trenesha Biggers (DOB: 12/26/1981) NO CONTACT/COMMUNICATION AT ALL BY ANY MEANS, INCLUDING VIA THIRD PARTY AND SOCIAL MEDIA;

[02] Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion, unlawful dissemination or publication of intimate image (s) or any criminal offense against Trenesha Biggers (DOB: 12/26/1981);

[12] Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following: ANY AND ALL FIREARMS and do not obtain any further guns or other firearms. Such surrender shall take place immediately, but in no event later than IMMEDIATELY at NEAREST POLICE PRECINCT;

GF-5 Page 2
O-02557-22
2023-004390

**It is further ordered** that [13A] Ephram Sims' (DOB: 05/18/1985) license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law §400.00, is hereby suspended; and [13C] Ephram Sims (DOB: 05/18/1985) shall remain ineligible to receive a firearm license while this Order is in effect.

**It is further ordered** that this temporary order of protection shall remain in force until and including October 19, 2023, but if you fail to appear in court on this date, the order may be extended and continue in effect until a new date set by the Court.

**Dated:**   May 11, 2023                                                             **ENTER**



20230512094301:3HM3PE7E5BA48084EDE8C34C317D0DB4D7E

**Honorable Jonathan H. Shim**

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**The Family Court Act** provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties authorizes, and sometimes requires such officer to arrest a person who is alleged to have violated its terms and to bring him or her before the court to face penalties authorized by law.

**Federal law requires** that this order is effective outside, as well as inside, New York State. It must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person restrained by the order is an intimate partner of the protected party and has or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect due process rights (18 U.S.C §§ 2265, 2266).

**It is a federal crime to:**
• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty) ; and
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired (18 U.S.C. §§ 922(g)(8), 922(g)(9), 2261, 2261A, 2262).

**Check Applicable Box(es):**

[ ]  Party against whom order was issued was advised in Court of issuance and contents of Order

[ ]  Order personally served in Court upon party against whom order was issued

[x]  Service directed by other means: Other

[ ]  [Modifications or extensions only]: Order mailed on [specify date and to whom mailed]:

[ ]  Warrant issued for party against whom order was issued[specify date]: _____

[ ]  ADDITIONAL SERVICE INFORMATION [specify]: _____

F.C.A §§ 430, 550, 655, 828, 1029                                                                                          GF5 12/2020

**ORI No:**     NY030023J
**Order No:**   2023-004389
**NYSID No:**   _____

At a term of the Family Court of the State of New York, held in and for the County of New York, at 60 Lafayette Street, New York, NY 10013, on May 11, 2023

**PRESENT:** Honorable Jonathan H. Shim

**In the Matter of a FAMILY OFFENSE Proceeding**

**Trenesha Biggers (DOB: 12/26/1981),**
        Petitioner

- against -

**Xavier Fulton (DOB: 04/18/1985),**
        Respondent

**File #**      312716
**Docket #**    O-03592-22

**Temporary Order of Protection**

**Both Parties Present in Court**

**NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CRIMINAL CONTEMPT, AND/OR MAY SUBJECT YOU TO FAMILY COURT PROSECUTION AND INCARCERATION FOR UP TO SIX MONTHS FOR CONTEMPT OF COURT. IF YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

**THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER .**

A petition under Article 8 of the Family Court Act, having been filed on May 16, 2022 in this Court and good cause having been shown, and Xavier Fulton having been present in Court and advised of the issuance and contents of this Order.

   **NOW, THEREFORE, IT IS HEREBY ORDERED** that Xavier Fulton (DOB:04/18/1985) observe the following conditions of behavior:

 [01] Stay away from:

 [A]  Trenesha Biggers (DOB: 12/26/1981);

 [B]  the home of Trenesha Biggers (DOB: 12/26/1981);

 [E]  the place of employment of Trenesha Biggers (DOB: 12/26/1981);

 [14] Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with Trenesha Biggers (DOB: 12/26/1981);

 [02] Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion, unlawful dissemination or publication of intimate image(s) or any criminal offense against Trenesha Biggers (DOB: 12/26/1981);

GF-5 Page 2
O-03592-22
2023-004389

**It is further ordered** that this temporary order of protection shall remain in force until and including September 18, 2023, but if you fail to appear in court on this date, the order may be extended and continue in effect until a new date set by the Court.

**Dated:**   May 11, 2023                                              **ENTER**



20230512094256/SHIM32/ECB4B72E6491A1B1F4057589A2D135

_____
**Honorable Jonathan H. Shim**

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**The Family Court Act** provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties authorizes, and sometimes requires such officer to arrest a person who is alleged to have violated its terms and to bring him or her before the court to face penalties authorized by law.

**Federal law requires** that this order is effective outside, as well as inside, New York State. It must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person restrained by the order is an intimate partner of the protected party and has or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect due process rights (18 U.S.C §§ 2265, 2266).

**It is a federal crime to:**
• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty) ; and
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired (18 U.S.C. §§ 922(g)(8), 922(g)(9), 2261, 2261A, 2262).

**Check Applicable Box(es):**

[ ]   Party against whom order was issued was advised in Court of issuance and contents of Order

[ ]   Order personally served in Court upon party against whom order was issued

[x]   Service directed by other means: Other

[ ]   [Modifications or extensions only]: Order mailed on [specify date and to whom mailed]:

[ ]   Warrant issued for party against whom order was issued[specify date]: _____

[ ]   ADDITIONAL SERVICE INFORMATION [specify]: _____