UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRENESHA BIGGERS, et al.,[1]<br><br>                    Plaintiffs,<br><br>          -against-<br><br>THE STATE OF TEXAS,<br><br>                    Defendants. | 22-CV-8648 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff proceeds in this matter *pro se*. The claims asserted arise out of a family court matter currently pending in the Family Court of the State of New York, New York County. Specifically, Plaintiff seeks the return of her two minor children and raises claims involving a recently issued order of protection she filed in the Family Court, ordering an individual to stay away from her and her minor children.

By order dated June 12, 2023, the Court granted Plaintiff 30 days' leave to file an amended complaint to assert any claims that arose in New York County and dismissed without prejudice all claims that arose in Suffolk, El Paso, Dona Ana, Pueblo, and Cook Counties for improper venue. (ECF 7.) On June 26, 2023, Plaintiff filed an emergency motion for preliminary relief and a temporary restraining order (ECF 8) and an amended complaint (ECF 9). Three days later, on June 29, 2023, she filed a proposed order to show cause for a preliminary injunction and temporary restraining order. (ECF 10.) The following day she filed a motion to file the case

_____

[1] Plaintiff Trenesha Biggers names as plaintiffs her minor children. In her original complaint and subsequent submissions, she uses their full names. In accordance with Rule 5.2 of the Federal Rules of Civil Procedure, the Clerk's Office substituted the minor's initials for their full names on the docket sheet and restricted electronic access to any submission where a minor's full name is included. *See* Fed. R. Civ. P. 5.2(3) (a party must use a minor's initials in any court filing).

under seal. (ECF 11.) On July 5, 2023, Plaintiff filed a motion for leave to amend (ECF 13), a notice that she would like to withdraw her motion to seal (ECF 14), and a motion seeking recusal of the undersigned (ECF 15).

As discussed below, the Court (1) denies Plaintiff's motion for recusal; (2) denies Plaintiff's motion seeking preliminary injunctive relief and a temporary restraining order; and (3) grants her motion seeking to withdraw her motion to seal. The Court will issue a separate explanatory order at a later date, addressing the reasons for the Court's decision denying the motion for preliminary injunctive relief and a decision on Plaintiff's motion for leave to amend.

## DISCUSSION

### A.    Motion to Recuse

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against

him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]").

Here, Plaintiff alleges that the undersigned "appointed herself to preside over the Plaintiffs case," even though the undersigned "was aware that she was unable to participate in the matters due to the existence of extreme and overt conflicts of interest that existed."[2] (ECF 15, at 1.) Specifically, Plaintiff contends, she and the undersigned "were previously roommates and/or co-workers," and that the undersigned is aware of this alleged prior relationship. (*Id.*)

Because Plaintiff and the undersigned do not have a prior relationship, and no other grounds require the undersigned to recuse herself from this action, the Court denies Plaintiff's motion seeking the undersigned's recusal.

**B.    Motion for Preliminary Injunctive Relief and Temporary Restraining Order**

To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

---

[2] The Court quotes from Plaintiff's submissions verbatim and all grammar, spelling, and punctuation are as in the original unless noted otherwise.

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's request for an order to show cause is denied.

## CONCLUSION

Plaintiff's motion for recusal (ECF 15) is denied. Her requests for preliminary injunctive relief (ECF 8, 10) are also denied. The Court grants Plaintiff's request to withdraw her motion to seal (ECF 14) and directs the Clerk of Court to terminate the motion to seal (ECF 12).

Plaintiff has consented to electronic service (ECF 11). The Clerk of Court is directed to delete Plaintiff's street address from the electronic docket, in light of the recent order of protection issued by the Family Court.

An explanatory order as to the Court's denial of Plaintiff's injunctive relief request and as to the Court's consideration of her request to amend will issue at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 7, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge