UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRENESHA BIGGERS,<br><br>        Plaintiff,<br><br>  -against-<br><br>THE STATE OF TEXAS, et al.,<br><br>        Defendants. | 22-CV-8648 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is proceeding *pro se*, brings claims arising out of a family court matter involving her two minor children and an order of protection issued by the Family Court of the State of New York, New York County. By order dated June 12, 2023, the Court dismissed the complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and granted Plaintiff 30 days' leave to plead valid claims that arose in a county within the Southern District of New York. (ECF 7.) The Court also dismissed without prejudice all claims that arose in counties outside of the Southern District of New York, for improper venue. (*Id.*) On June 26, 2023, Plaintiff filed an amended complaint. (ECF 9.) The Court has reviewed the submission and finds that the amended pleading does not correct the deficiencies in the original complaint and, in itself, fails to comply with Rule 8. As set forth below, the Court grants Plaintiff 30 days' leave to file a second amended complaint.

## BACKGROUND

  Plaintiff initiated this action by submitting a pleading that named nearly 1,000 Defendants and asserted countless, unrelated allegations. In consideration of the requirements of Rule 8, the Court determined that Plaintiff's pleading did not provide a short and plain statement showing that she was entitled to relief. Plaintiff has now submitted a 501-page amended

complaint, naming over 1,200 Defendants, and asserting thousands of allegations. A small sample of the Defendants include: Donald J. Trump, the New York County Sheriff, United States Army, the City of El Paso, Texas, the State of Illinois, Prison Transport System, Bayonne Housing Authority, Houston Area Women's Shelter, Chicago Legal Aid, the Rainbow Coalition, El Paso Times, Times Square Church, Fox News, Tampa General Hospital, the Associated Press, Hospital Doe 1-50, Reality of Wrestling, NBA, College of Southern Idaho, Staffing Agency Doe 1-100, the Buckle, TMZ, Kinder Care, Bubba the Love Sponge Clem, HSN, Chase Bank, Greystar, Camden Property Trust, Facebook, Instagram, the Roosevelt Hotel, U-Haul, Gold's Gym, WOW, NFL, Safe Horizons, Integrity Asset Management, Sterling Properties, HR Block, All Elite Wrestling, Google, Without Walls, Lori Lightfoot, Tropicana Homes, the Compass Rose Foundation, Michelle Obama, George Foreman, Sigma Phi Epsilon, NY Parks and Recreation, the Cauliflower Alley Club, Joe Rogan, Diedrich Coffee, Darden Restaurants, Karine Jean Pierre, Miss Hannah's Nanny Care, Disney, Benjamin Netanyahu, Con Edison, and hundreds of individuals, whom Plaintiff does not identify. She also does not provide any addresses for the named Defendants.

Each Defendant Plaintiff names appears to include facts associated with their alleged violation of her rights. The amended complaint includes 3,203 paragraphs that describe events entirely unrelated to each other, involving incidents throughout Plaintiff's life. Broadly speaking, Plaintiff claims that the named "Defendants . . . are collectively operating as a single bodied terrorist organization that has multiple heads."[1] (ECF 9, at 30.) This alleged organization, she suggests, first violated her rights at her birth: "This tale of terror began when Plaintiff . . . was

---

[1] Plaintiff uses irregular capitalization throughout the complaint. For readability purposes, the Court uses standard capitalization.

kidnapped from [Defendant] Carle hospital the day she was born by domestic terrorists," listing several individual Defendants whom she claims were involved. (*Id.* at 37.) Following this alleged kidnapping, Plaintiff claims Defendants committed several violent acts, including raping her at nine years old; raping her when "she was a very young child"; raping her during college; "ripping" her children from her womb, also during college; raping her, by three women, "before she ever made it into kindergarten"; and "broadcast[ing] the "lie that [Plaintiff] murdered her children." (*Id.* at 37-38.)

In addition to these allegations, Plaintiff also asserts claims regarding more recent events that occurred in New York and Suffolk Counties. Specifically, she alleges that she was arrested in New York County, pursuant to an invalid warrant issued by the State of Texas, as a result of her alleged kidnapping of her minor child. She contends that in October 2022, "the NYPD and the United States Marshal Service demanded entry into [her] New York City apartment, falsely arrested, and falsely imprisoned her for the second time on behalf of the State of Texas claiming to have [a] warrant for [Plaintiff's] kidnapping her daughter." (*Id.* at 33.) This arrest, Plaintiff alleges, resulted in her being detained on Rikers Island. She contends that as of June 21, 2023, "the El Paso County District Attorney's office and [Plaintiff's] former roommate and basketball teammate Judge Angie Barill are knowingly and intentionally endeavoring to kidnap [Plaintiff] by false arrest for the third time from New York City." (*Id.*) She also contends that "the NYPD, the Shirley [Suffolk County] New York Police Department, El Paso Police Department, the Manhattan District Attorney's Office, and the El Paso District Attorney's Office all knowingly and intentionally falsely asserted that they had a valid warrant for [Plaintiff's] arrest, falsely imprisoned her, and ignored this custody and protective order." *(Id.* at 46.)

3

In support of these allegations, Plaintiff attaches to the amended complaint a document showing that Defendant Detective Charles D. Vera sought the arrest of Plaintiff for the alleged kidnapping of her minor child. (*Id.* at 47.) Plaintiff argues that (1) this document is invalid, (2) a warrant never issued for her arrest, and therefore, (3) her arrest in New York was false. Rather, she contends, she "and her children were in a domestic violence shelter in Colorado at that time." (*Id.* at 49.)

In addition to Plaintiff's claims arising out of her arrest, Plaintiff also asserts claims arising out of her professional wrestling career. Specifically, she claims that World Wrestling Entertainment "attempted to murder [Plaintiff] by vehicular homicide . . . [and] [i]n 2009[,] Impact Wrestling and Dixie Carter instructed Shannon Spurrill to break [Plaintiff's] neck again." (*Id.*) Unrelated to her wrestling claims, Plaintiff also asserts claims arising from a violent incident that allegedly occurred on October 8, 2016, at Randolph Air Force Base, which is located in Texas, involving Defendant Ephram Sims, who appears to be the father of one of Plaintiff's minor children. (*Id.* at 30.) Related to the Randolph Air Force Base claims, Plaintiff asserts that in 2018, Sims created a "wanted" poster of Plaintiff and her minor children. (*Id.* at 31.)

Finally, Plaintiff asserts several other claims that arose in counties outside of the Southern District of New York.

## DISCUSSION

**A.     The Amended Pleading**

The amended complaint, like the original complaint, does not comply with Rule 8 of the Federal Rules of Civil Procedure because Plaintiff does not provide a short and plain statement showing that she is entitled to relief. Though the Court provided Plaintiff an opportunity to assert claims arising in a county within the Southern District of New York, and Plaintiff does state that

4

officers from the New York City Police Department arrested her in New York County, pursuant to an allegedly invalid warrant, the amended pleading otherwise is deficient, as it contains thousands of other claims, brought against thousands of other Defendants, unrelated to the single allegation arising in New York County. Indeed, the Court provided Plaintiff the opportunity to limit her allegations to only those that arose within a county in this District; Plaintiff instead submitted a pleading naming even more Defendants than in her original complaint and asserting even more allegations that occurred outside this District. The amended complaint therefore fails to comply with Rule 8.

**B.**     **Leave to Amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although Plaintiff has failed to cure the deficiencies in her original complaint, the Court grants Plaintiff leave to file a second amended complaint to assert a claim arising out of her arrest in New York County, as Plaintiff may be able to state a claim regarding this incident. This grant of leave is limited to this single claim.

The Court has attached a second amended complaint form, which the Court encourages Plaintiff to complete and submit. The Court also strongly encourages Plaintiff to limit her submission to 20 pages.

Should Plaintiff file a second amended complaint similar to her original and amended complaints, naming thousands of Defendants and asserting thousands of allegations, the Court shall direct the Clerk of Court to enter judgment in this case.

C. **The Request for Injunctive Relief**

The Court denies without prejudice Plaintiff's request for preliminary injunctive relief because the amended complaint does not state a short and plain statement showing that she is entitled to any relief. Thus, at this stage, Plaintiff cannot show that she is likely to suffer irreparable harm, and a likelihood of success on the merits of her case or sufficiently serious questions going to the merits of her claims. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000).

## CONCLUSION

The Court grants Plaintiff leave to file a second amended complaint, within 30 days of the date of this order. The Court also (1) grants Plaintiff's leave to amend (ECF 13); (2) grants Plaintiff's motion for permission for electronic case filing (ECF 16); (3) denies Plaintiff's motions to restore deleted entries (ECF 17, 20), as unnecessary because entries have not been deleted, and denies the request to remove her email address because such an address is necessary for electronic service; and (4) denies Plaintiff's motion for preliminary injunctive relief (ECF 18), without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 11, 2023
         New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**SECOND AMENDED COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
               (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
           (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City                State          Zip Code

_____

Telephone Number            Email Address (if available)

Page 3

B.  **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
             First Name                    Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City              State              Zip Code

Defendant 2: _____
             First Name                    Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City              State              Zip Code

Defendant 3: _____
             First Name                    Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City              State              Zip Code

Defendant 4:

First Name      Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City      State      Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

Case 1:22-cv-08648-LTS   Document 21   Filed 08/11/23   Page 15 of 16



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

| Address | City | State | Zip Code |

| Telephone Number | | E-mail Address | |

| Date | | Signature | |

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007