UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRENESHA BIGGERS,

                    Plaintiff,

           -against-

THE STATE OF TEXAS, et al.,

                    Defendants.

22-CV-8648 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis*, brought this action asserting unrelated claims against thousands of Defendants. By order dated August 11, 2023, the Court granted Plaintiff 30 days' leave to file a second amended complaint because the previously-filed amended complaint did not state a claim. The Court encouraged Plaintiff to limit her submission to 20 pages and informed her that, should she file a second amended complaint that was similar to her original and amended complaints, naming thousands of Defendants and asserting thousands of allegations, the Court would direct the Clerk of Court to enter judgment in this action. Plaintiff has submitted a 171-page amended pleading that names approximately 500 defendants and asserts thousands of allegations. She also names the undersigned as a Defendant.

      As discussed below, the Court (1) construes the second amended complaint as including a motion to recuse the undersigned, and denies the motion; (2) dismisses the second amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii); and (3) directs the Clerk of Court to enter judgment in this action.

## DISCUSSION

**A.     Motion to Recuse**

In the second amended complaint, Plaintiff asserts that she and the undersigned were roommates. Plaintiff raised a similar allegation in a motion to recuse that she filed on July 5, 2023. (ECF 15, at 1) (claiming that Plaintiff and the undersigned "were previously roommates and/or co-workers," and that the undersigned is aware of this alleged prior relationship). On July 7, 2023, the Court denied the motion, concluding that "[b]ecause Plaintiff and the undersigned do not have a prior relationship, and no other grounds require the undersigned to recuse herself from this action," the motion should be denied. (ECF 19, at 3.) For the same reasons articulated in the Court's July 7, 2023 order, the Court denies Plaintiff's motion to recuse the undersigned.

**B.     Order of Dismissal**

The Court has granted Plaintiff two opportunities to file a pleading that complies with Rule 8 of the Federal Rules of Civil Procedure. That rule requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the two prior orders granting Plaintiff leave to amend, the Court considered the possibility that a claim arose in New York County and granted her leave to assert such a claim. The Court also warned Plaintiff that should she file a pleading similar to her original and amended complaints, the Court would direct the Clerk of Court to enter judgment. Plaintiff has now submitted a third pleading that is substantially similar to her first two pleadings. The Court therefore dismisses the second amended complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court dismisses the second amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   October 10, 2023
           New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge